IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JERRY FREDDIE,**

    **Plaintiff,**

vs.                                         **No. CV-09-144 JEC/RLP**

**MARTEN TRANSPORT, LTD., and**
**KAREN M. SCHILLER,**

## ORDER

This matter comes before the court on Plaintiff's Motion for a six-month extension of time to serve process on Defendant Karen M. Schiller. Plaintiff also asks to be allowed to initiate discovery for the purpose of locating her. (Docket No. 9). For the reasons stated herein, Plaintiff's Motion is DENIED.

This matter was removed to Federal Court on February 13, 2009. Rule 4(m) states in relevant part:

> **Time Limit for Service**. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

F.R. Civ. P. 4(m).

"Rule 4(m)'s 120-day period for service begins to run on the date of removal." Eccles v. National Semiconductor Corp., 10 F.Supp.2d 514, 519 (D.Md.1998); accord Randolph v. Hendry, 50 F.Supp.2d 572, 579-80 (S.D.W.Va. May 11, 1999); Alber v. Illinois Dep't of Mental Health and Developmental Disabilities, 786 F.Supp. 1340, 1376 (N.D.Ill.1992); Bruley v. Lincoln Property Co., N.C., Inc., 140 F.R.D. 452, 453 (D.Colo.,1991).

Accordingly, the 120-day limit for service of process on Defendant Schiller lapsed on June 15, 2009. Plaintiff contends that he has made diligent efforts to serve Defendant Schiller, but believes that she is deliberately evading service of process by deceit. Plaintiff provides no factual basis for this assertion. Defendant Marten Transport provided Plaintiff with a street address for Defendant Schiller by letter, sent via facsimile, dated June 1, 2009. (Docket No. 11, Ex. A).

At this point, Plaintiff has not shown good cause for failing to effect service of process. Should Defendant Schiller be served and seek to have the matter against her dismissed for failure to timely effect service of process, or should this court give notice that is it is contemplating dismissal of the claims against Defendant Schiller pursuant to Rule 4(m), Plaintiff may respond by establishing good cause. If good cause can not be established, the court will determined whether a permissive extension of time is warranted. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir.1995) ("The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.).

The deadlines established in the court's Initial Scheduling Order shall remain in effect.

**IT IS SO ORDERED**.

RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE