IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY FREDDIE,

      Plaintiff,

v.                                          Civ. No. 09-0144 JEC/RLP

MARTEN TRANSPORT, LTD.
and KAREN M. SCHILLER,

      Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Marten Transport's Motion to Compel. Defendant Marten served interrogatories and requests for production of documents on Plaintiff Freddie relating to the injuries Freddie claims to have suffered as a result of a vehicular accident. The Motion to Compel was served September 16, 2009 but Freddie did not respond until October 23, 2009 - two days after an agreed upon extension of time until October 21, 2009.

Apparently, by the time the Reply was filed, some of the discovery had been supplemented by Freddie. In his Response, instead of addressing Defendant Marten's contentions, Plaintiff Freddie describes the problems he is having with discovery from Defendant.

From the Court's reading of the parties' submissions, it appears that Plaintiff has failed to provide a signed verification for his answers to interrogatories. **Plaintiff shall have five (5) days from entry of this Order to provide Defendant with the signed verification**.

Plaintiff refuses to sign the Local Form 1 Medical Release, which is approved in this district, preferring to draft his own.  He provides no cogent reason for this.  **Plaintiff shall have five (5) days from entry of this Order to provide Defendant with the signed Local Form 1 Medical Release.**

The response to Interrogatory No. 8 is inadequate.  A party may not refer another party to a jumble of documents to get the answer sought.   *Starlight Internat'l, Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).  **Plaintiff shall have 10 days from entry of this Order to provide (i) an answer to the interrogatory under oath; or (ii) produce and identify specific documents which contain the requested information.**

The response to Interrogatory No. 10 may be incomplete.  Defendant requested information about health care providers for the past 15 years.  Plaintiff provided a list of all of the health care providers he could recall, but did not provide the dates of admission and the reason for admission.  He said he didn't understand what Defendant meant when it asked whether he was suffering any "permanent effects or disability."

If the Plaintiff cannot recall the information requested, then he should say so without the gratuitous commentary.  Again, it is improper to refer a party to a jumble of documents to get the information requested.  **Plaintiff shall have 10 days from entry of this Order to provide (i) an answer to the interrogatory under oath; or (ii) produce and identify specific documents which contain the requested information.**

Interrogatory No. 18 asked Plaintiff to identify in detail the ways he contends Defendant violated the Federal Motor Carrier Safety Act.  Plaintiff responded by listing a few regulations that Defendant may have violated and stated that he would supplement the answer as violations are identified by his expert.   The Court finds this response adequate.

2

However, for Interrogatories 19 and 20 -- concerning the factual bases for Plaintiff's claims that Defendant failed to maintain the tractor/trailer in question and that Defendant Marten aided and abetted Defendant Schiller in violating the regulations -- Plaintiff referred Defendant to his response to Interrogatory No. 18.  Defendant asked for the factual bases for the claims Plaintiff made against Defendant.   Plaintiff should have had some, if not all, of that information when he filed the lawsuit and made those allegations.  **Plaintiff shall respond fully to Interrogatories 19 and 20 within 10 days of entry of this Order**. Plaintiff is reminded of his continuing duty to supplement his answers as more information becomes available, or if he finds that an initial answer was incomplete or incorrect.

Finally, Defendant states that Plaintiff refuses to provide tax information despite the fact that Plaintiff claims the accident caused him, *inter alia*, financial hardship with respect to his earnings.  Plaintiff has put his economic status at issue and **Plaintiff shall produce the tax records requested within 10 days of entry of this Order.**

The Court declines to award Defendant any costs or attorney fees, but Plaintiff is on notice that the failure to comply with this Order may subject him to Rule 37 sanctions.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel [Doc. 29] is granted as stated herein and that Plaintiff shall comply with the deadlines as provided herein.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge